UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

                                  x

| | |
|---|---|
| ROEI GAMIL, an individual; on behalf of himself and all others similarly situated, | CASE NO.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

                                  x

## I. PRELIMINARY STATEMENT

1.      Plaintiff, ROEI GAMIL, ("Plaintiff" or "GAMIL") on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendant, RUBIN & ROTHMAN, LLC, ("RUBIN & ROTHMAN" or "Defendant") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3.      Such collection practices include, *inter alia*, sending consumers written communications, which make false representations or implications that an attorney is meaningfully involved in the process of sending those communications.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.     The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

8.     The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed

-2-

appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.      GAMIL is a natural person.

10.     At all times relevant to this complaint, GAMIL resided in, and is a citizen of, the Hamlet of Monsey, Rockland County, New York.

11.     At all times relevant to this complaint, RUBIN & ROTHMAN is a Limited Liability Company existing pursuant to the laws of the State of New York.

12.     RUBIN & ROTHMAN maintains its principal business address at 1787 Veterans Highway, Suite 32, Village of Islandia, Suffolk County, New York.

13.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of RUBIN & ROTHMAN that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by RUBIN & ROTHMAN and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

15.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

17.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because RUBIN & ROTHMAN is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTS CONCERNING PLAINTIFF

18.     Sometime prior to January 8, 2015, GAMIL allegedly incurred a financial obligation allegedly incurred a financial obligation to Bank of America, N.A., successor in interest to FIA Card Services, N.A. ("Bank of America Obligation").

19.     The Bank of America Obligation arose out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes.

20.     Defendant contends that the Bank of America Obligation is in default.

21.     The alleged Bank of America Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

22.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to January 8, 2015, the creditor of the Bank of America Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to RUBIN & ROTHMAN for

-4-

collection.

24.     RUBIN & ROTHMAN is a law firm that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

25.     RUBIN & ROTHMAN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.     On or about January 8, 2015, RUBIN & ROTHMAN mailed an initial collection letter, which is dated January 8, 2015, and which Plaintiff received in the ordinary course of mail. ("1/8/2015 Letter"). A true and correct copy of the 1/8/2015 Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

27.     The 1/8/2015 Letter was sent, or caused to be sent, by persons employed by RUBIN & ROTHMAN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28.     The 1/8/2015 Letter was sent to GAMIL in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     The 1/8/2015 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     On information and belief, the 1/8/2015 Letter is a mass-produced, computer-generated, form letter that is prepared non-attorney debt collectors employed by RUBIN & ROTHMAN and sent to consumers from whom it is attempting to collect a debt.

31.     The 1/8/2015 Letter is the first written communication Plaintiff received from RUBIN & ROTHMAN.

32.     At the top of the 1/8/2015 Letter, RUBIN & ROTHMAN identifies itself as "ATTORNEYS AT LAW" and identifies that the letter is sent by "MICHELLE PARKER." (Emphasis in original).

33.    The First Paragraph of the 1/8/2015 Letter states, in part: "Our **firm** has been **retained** by Bank of America, N.A., successor in interest to FIA Card Services, N.A...." (Emphasis added).

34.    The First Paragraph of the 1/8/2015 Letter states, in part: "Please be advised that the **Bank intends to invoke its right to file a lawsuit against you**." (Emphasis added).

35.    The 1/8/2015 Letter signed by "RUBIN & ROTHMAN LLC."

36.    In direct conflict with the foregoing statements, the 1/8/2015 Letter contains the following statement underneath RUBIN & ROTHMAN's signature, "AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT." (Emphasis in Original).

37.    Plaintiff is informed and believes, as would the least sophisticated consumer, that Michelle Parker is a licensed attorney as there is no admonition indicating otherwise.

38.    Plaintiff is now informed and believes, and on that basis alleges, that Michelle Parker is actually a non-attorney debt collector employed by RUBIN & ROTHMAN.

39.    After receiving the 1/8/2015 Letter, Plaintiff reasonably inferred – as would a least sophisticated consumer – that Bank of America was proceeding more aggressively as it has incurred the expense of hiring a law firm to collect the Bank of America Obligation and, if Plaintiff did not contact RUBIN & ROTHMAN or the attorney who purportedly sent the letter (i.e., Michelle Parker"), legal action would be taken.

40.    RUBIN & ROTHMAN intended that the 1/8/2015 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

-6-

41. At the top of the 1/8/2015 Letter, RUBIN & ROTHMAN states, "AMOUNT OF DEBT: $10,671.58." (Emphasis in original).

42. Nowhere does the 1/8/2015 Letter disclose the fact that the "AMOUNT OF DEBT," which RUBIN & ROTHMAN is attempting to collect, was actually increasing due to the ongoing accrual of late fees, interest, and/or other charges on daily and/or monthly basis and that the creditor would seek to collect those additional amounts in the future.

43. Although the 1/8/2015 Letter states the "AMOUNT OF DEBT," it fails to disclose the date as of which that amount was calculated and determined to be the full amount of the debt.

44. The 1/8/2015 Letter further fails to state the effective date as of which the "AMOUNT OF DEBT" it sought to collect would suffice to pay off the alleged Bank of America Obligation in full.

45. The 1/8/2015 Letter was misleading to Plaintiff, as it would be to a least sophisticated consumer, who concluded that the "AMOUNT OF DEBT" stated as due was due at any time, when in fact it was not and was instead subject to an increasing adjustment by the current creditor on a periodic basis.

46. Upon receiving the 1/8/2015 Letter, Plaintiff was uncertain whether the "AMOUNT OF DEBT" was accruing interest, late fees, and/or other charges as there was no disclosure or admonition indicating otherwise.

47. A debt collector has a duty to correctly state the amount of the debt owed in cases like the present matter where the amount varies from day to day. 15 U.S.C. § 1692g(a)(1); *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000); *Goins v. JBC & Assocs.*, 352 F.Supp.2d 262, 269 (D. Conn. 2005).

-7-

48.     RUBIN & ROTHMAN's failure to correctly state the amount of the alleged Bank of America Obligation left Plaintiff uncertain, as it would for the least sophisticated consumer, as to the amount of the debt actually owed.

49.     The Second Paragraph of the 1/8/2015 Letter states, in part:

"IF YOU NOTIFY THIS FIRM WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS LETTER, THAT THE DEBT OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT, IF ANY, AND MAIL A COPY OF SUCH VERIFICATION OR JUDGMENT TO YOU." (Emphasis in Original).

50.     The 1/8/2015 Letter fails to inform Plaintiff that, unless he notifies RUBIN & ROTHMAN's of his dispute *in **writing***, then RUBIN & ROTHAN is not legally required to obtain verification of the debt or a copy of a judgment against the consumer and mail him a copy of such verification or judgment.

51.     Upon reading the Second Paragraph of the 1/8/2015 Letter, Plaintiff reasonably inferred – as would a least sophisticated consumer – that he was not legally required to make his dispute *in **writing*** to RUBIN & ROTHMAN in order to exercise his right to obtain verification of his debt and cease RUBIN & ROTHMAN's collection of the debt until such verification had been provided to him.

## V.  POLICIES AND PRACTICES COMPLAINED OF

52.     It is Defendants' policy and practice to send initial written collection communications, in the form attached as ***Exhibit A***, that violate the FDCPA by, *inter alia*:

(a)     Using false, deceptive, or misleading representations or means in connection with the collection of any debt;

-8-

(b)     Failing to accurately state the amount of the alleged debt; and

(c)     Failing to inform consumers that they must dispute their debts in writing to obtain verification.

53.     Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692g(a)(1), and 1692g(a)(4).

54.     On information and belief, RUBIN & ROTHMAN sent a written communication, in substantially the same form attached as *__Exhibit A__*, to at least 50 natural persons in the State of New York.

55.     "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

56.     "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

## VI. CLASS ALLEGATIONS

57.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58.     With respect to a Plaintiff Class, this claim is brought on behalf of all persons in the State of New York to whom RUBIN & ROTHMAN sent a written communication, in substantially the same form attached as *__Exhibit A__*, which written communications failed to state either (i) the amount of the debt, or (ii) that the consumer must dispute the debt in writing in order to obtain verification of the debt, during a period beginning one year prior to the filing of

this action and ending 21 days thereafter.

59.    The identities of all class members are readily ascertainable from the records of RUBIN & ROTHMAN and those entities on whose behalf it attempts to collect debts.

60.    Excluded from the Plaintiff Class is the Defendant and all of its officers, members, partners, managers, directors, and employees and their respective immediate families, and legal counsel for all Parties to this action and all members of their immediate families.

61.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's written communications, in substantially the same form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(2)(A), 1692e(10), 1692g(a)(1), and 1692g(a)(4).

62.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

63.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

64.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class, as defined *supra*, is so numerous that joinder of all members would be impractical.

-10-

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether Defendant's written communications, in substantially the same form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(2)(A), 1692e(10), 1692g(a)(1), and 1692g(a)(4).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

65.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

67.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

68.     The Defendants violated the FDCPA. Defendant's violations with respect to its written communications in the form attached as *__Exhibit A__* include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

(c)     Mailing collection letters to consumers in connection with the collection of alleged consumer debts, hat make false, deceptive, and misleading representations that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C.

§ 1692e(10);

(e)    Failing to properly disclose the amount due in violation of 15 U.S.C. § 1692g(a)(1); and

(f)    Failing to inform the consumer that s/he must dispute their debt in writing and send it to the debt collector if they would like to obtain verification of the debt in violation of 15 U.S.C. § 1692g(a)(4).

### VIII. PRAYER FOR RELIEF

69.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A.    **For the FIRST CAUSE OF ACTION**:

(i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined *supra*.

(ii)    An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)    For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's collection conduct complained of herein violates the FDCPA;

(iv)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:     Uniondale, New York
           February 24, 2015

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Roei Gamil, and all others similarly situated*

-14-

# EXHIBIT "A"

1099631   D21 D 0034796

# RUBIN & ROTHMAN, LLC

MP2/ESP

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

DAVID K. KOWALENKO[1,2]
**Managing Attorney**
New Jersey Office
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016

REPLY TO N.Y. OFFICE

A LIMITED LIABILITY COMPANY OF NY & NJ
ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
—
FAX (631) 234-1139

AARON DEACON [1]
MICHAEL JOHNSON[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
FRANK RIZZO[1,2]
FRANK ROTHMAN[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

1-877-347-2318
MICHELLE PARKER   EXT 202

January 08, 2015

#BWN
#D211 0996 3115
ROBI GAMIL

MONSEY NY 10952

OUR FILE NO: 109███
CREDITOR: Bank of America, N.A., successor in interest to Fia Card Services, N.A
PREVIOUS ACCOUNT NO: ********▲▲▲
ACCOUNT NO: **********███
AMOUNT OF DEBT: $10,671.58

Dear Sir/Madam,

Our law firm has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above-referenced account.  Please be advised that the Bank intends to invoke its right to file a lawsuit against you.

If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you.  Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.

Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

RUBIN & ROTHMAN, LLC

AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.
This account is issued and administered by Bank of America, N.A., successor in interest to FIA Card Services, N.A.

Federal and State law require that we treat you fairly and prohibit certain methods of debt collection. Please view our website at www.RubinRothman.com to review your rights under Federal and State Law.